Siobhán McGreal, Esq. (SBN 282196)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMIE JOHNSON,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 3:26-CV-10937** |
| **v.** | **COMPLAINT FOR VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT** |
| **CHIME FINANCIAL, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual against Defendant for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*., California's Consumer Legal Remedies Act ("CLRA"), and common law conversion and negligence.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Jamie Johnson is an adult individual residing in the state of New York.

5. Defendant Chime Financial, Inc. (hereafter "Chime") is a business entity that regularly conducts business within California and has a principal place of business located at 101 California Street, Suite 500, San Francisco, CA 94111.

## FACTUAL ALLEGATIONS

6. Plaintiff is a long-time customer of, and has consistently utilized, Chime's banking services.

7. Chime is an online-only banking service without any physical branches that can be accessed in person.

8. During the time that Plaintiff made use of Chime's banking services, Chime made numerous representations regarding the security of its electronic banking systems and has advertised those systems as a secure alternative to in-person banking.

9. Plaintiff has banking accounts with Chime, as well as a debit card (the "Chime Card").

10. Upon information and belief, in or around June of 2026, Plaintiff's Chime Card was compromised.

11. On or around June 27, 2026, Plaintiff made a purchase from an online retailer for $14.99 using the Chime Card.

12. That same day, multiple additional transactions were made to the same online retailer using Plaintiff's Chime Card without Plaintiff initiating the transactions, totaling $1,456.90.

13. Plaintiff did not authorize these transactions.

14. Plaintiff did not benefit from these transactions.

15. Following this theft, Plaintiff filed a police report detailing the unauthorized transactions.

16. Plaintiff reached out to Chime's customer support to report the unauthorized transactions, and included a copy of the police report she had filed.

17. Plaintiff disputed the unauthorized transactions through Chime's established channels for disputing unauthorized electronic funds transfers on or around July 7, 2026.

18. Almost immediately, Chime denied Plaintiff's disputes.

19. Chime's security system did not flag the unauthorized transactions, nor did it attempt to stop them, despite the suspicious activity occurring on Plaintiff's Chime Card.

20. Plaintiff disputed the unauthorized transactions immediately.

21. Chime told Plaintiff that it would investigate Plaintiff's disputes but still rejected Plaintiff's disputes of fraudulent charges.

22. Despite Plaintiff's timely disputes, Chime refused to reimburse Plaintiff for any of the unauthorized transfers.

23. In response to each dispute, Chime inaccurately concluded that no error occurred and closed the disputes.

24. Plaintiff was notified in July 2026 that Chime was rejecting Plaintiff's disputes and would not be returning her funds.

25. As a result of Defendant's conduct, Plaintiff has suffered significant financial damages, additional actual damages, and consequential damages.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I

## ELECTRONIC FUND TRANSFER ACT ("EFTA")

28. Plaintiff re-alleges all prior allegations as if fully set forth here.

29. At all times pertinent hereto, Defendant was a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

30. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

31. At all times pertinent hereto, the above unauthorized transactions were "electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(7) and "unauthorized electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(12).

32. As a financial institution, Defendant was required to investigate Plaintiff's report of the unauthorized transactions made pursuant to 15 U.S.C. § 1693f(a).

33. Defendant failed to correct the balance of Plaintiff's Chime Card as required by 15 U.S.C. § 1693f(b), and failed to provide evidence of a reasonable investigation of Plaintiff's dispute as required by 15 U.S.C. § 1693f(d).

34. Defendant held, and is continuing to hold, Plaintiff liable for the entire amount of the unauthorized transactions in violation of 15 U.S.C. § 1693g(a).

35. Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiff for these numerous and multiple violations of EFTA.

36. As a result of Defendant's conduct detailed more fully above, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages as well as attorney's fees and costs.

**COUNT II**

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT (“CLRA”)**

37. Plaintiff re-alleges all prior paragraphs as if fully set forth here.

38. Defendant is a “person” as that term is defined by CA CIVIL § 1761(c).

39. Plaintiff is a “person” and a “consumer” as those terms are defined by CA CIVIL §§ 1761(c) and 1761(d).

40. As detailed above, Defendant engaged in “unfair or deceptive acts and practices” as that term is defined by CA CIVIL § 1770(a).

41. Defendant, by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, including but not limited to the following:

a. Failing to have in place procedures to prevent clearly fraudulent electronic transfers;

b. Failing to expeditiously investigate and stop reportedly fraudulent electronic transfers;

c. Making false representations about the security of its electronic banking;

d. Allowing fraudulent transactions to be made from Plaintiff’s banking account to an unauthorized third party; and

e. Imposing the cost of the fraudulent transactions on Plaintiff.

42. Defendant's acts and omissions detailed herein violate the CLRA.

43. Plaintiff suffered an ascertainable loss of money by the fraudulent transfers and transactions made by an unauthorized third party as described herein.

44. As a financial institution, Defendant knew or should have known prior to entering into an agreement with Plaintiff the laws governing its relationship with Plaintiff.

45. The routine business practices of Defendant, subject to this claim, disregarded the laws governing its relationship with Plaintiff.

46. No reasonable person would assume that an institution like Defendant would violate the laws governing its activities.

47. Plaintiff justifiably relied on Defendant's acts and omissions by believing that it would take swift action in response to transfers and transactions that it knew or should have known to be fraudulent, and she continued to follow Defendant's directions and instructions as further evidence of that reasonable reliance.

48. As a result, Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, along with the ascertainable loss described above.

49. As a result of the above violations of the CLRA, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory and actual damages, and attorney's fees and costs.

**COUNT III**

**CONVERSION**

50. Plaintiff re-alleges all prior paragraphs as if fully set forth here.

51. Plaintiff had a right to possession of the money that belonged to her in her bank account.

52. Defendant, through its actions detailed above, has interfered with and deprived Plaintiff of her right to possess her property.

53. Defendant did not have consent to interfere with Plaintiff's right of possession.

54. Defendant had no lawful justification in interfering with Plaintiff's right of possession.

55. Defendant's actions in interfering with Plaintiff's right of possession were willful, malicious, and indicative of a wanton disregard for Plaintiff's rights.

56. As a result, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

**COUNT IV**

**NEGLIGENCE**

57. Plaintiff re-alleges all prior paragraphs as if fully set forth here.

58. Defendant owed Plaintiff a duty to protect Plaintiff's bank account from fraudulent activity.

59. Defendant is liable to Plaintiff for damages caused by its breach of its duty to protect Plaintiff's bank account from fraudulent activity.

60. Defendant breached its duty by allowing the fraudulent activity to occur without intervention.

61. As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## JURY TRIAL DEMAND

62. Plaintiff demands trial by jury on all issues so triable.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) All actual damages caused by Defendant's acts and omissions;

(b) All compensatory damages caused by Defendant's acts and omissions;

(c) Treble damages;

(d) Punitive damages;

(e) Reasonable attorneys' fees and costs;

(f) Interest; and

(g) Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: */s/ Siobhán McGreal*__________
Siobhán McGreal, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

Dated: September 25, 2026

*Attorneys for Plaintiff*